*Auto Ins. Ass'n*, 239 Ill. App. 532; *Roy Iverson Co. v. United States Lloyds, Inc.*, 251 Ill. App. 150; *Boston Store v. Hartford Accident & Indemnity Co.*, 227 Ill. App. 192. In the case of *Tri-City Transp. Co. v. Bituminous Casualty Corp.*, 311 Ill. App. 610, cited by defendant, the court said that whether a party acts as a broker or agent is determined not by what the party is called *but by what he does.* (Italics ours.) The broker in that case testified that he did nothing more than solicit plaintiffs for their business and that he could have placed it with any other company if he had desired. That is a far cry from the facts set forth in the instant case. Other cases cited by defendant are equally not in point.

Judgment reversed and cause remanded, with directions to the lower court to sustain the motion to strike the counterclaim for declaratory judgment and to retry the case on the issue of agency in accordance with the views herein expressed.

*Judgment reversed and cause remanded.*

FRIEND and SCANLAN, JJ., concur.

**People of State of Illinois ex rel. John Rusch, Appellee, v. Irene Baker et al., Appellants.**

**Gen. No. 44,524.**

Frank J. Carroll and Edward J. McArdle, Jr., for appellants; John F. Cashen, Jr., for appellee. Opinion by PRESIDING JUSTICE LEWE. Not to be published in full. Opinion filed June 30, 1950; rehearing denied January 24, 1951; released for publication January 25, 1951.

## Idell McSee, Appellant, v. Chicago Motor Coach Company et al., Appellees.

Gen. No. 45,004.

James A. Dooley, for appellant; Barrett, Barrett, Costello & Barrett, for certain appellee; George F. Barrett, Sidney M. Glick and Edward Wolfe, of counsel; Louis B. Simon and Leo S. Karlin, for certain other appellees;